**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| | } } | **CIVIL ACTION NO.** |
| Plaintiff, | } } | |
| **v.** | } } | **COMPLAINT** |
| **THE FORT WORTH CENTER OF REHABILIATATION,** | } } } | |
| | } } | **JURY TRIAL DEMANDED** |
| Defendant. | } } } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Patsy Roberson who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission") alleges that The Fort Worth Center of Rehabilitation ("Defendant") failed to provide Ms. Roberson, a qualified individual with a disability, with a reasonable accommodation during the job application process and subsequently failed or refused to hire Ms. Roberson because of her disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to  Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas**.**

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant The Fort Worth Center of Rehabilitation has continuously been doing business in the State of Texas and has continuously employed at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Patsy Roberson filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least July 2011, Defendant has engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Ms. Roberson with a reasonable accommodation for the drug-screening portion of the application process, and ultimately failing or refusing to hire Patsy Roberson for the position of Certified Nurse Assistant.  Ms. Roberson is a qualified individual with a disability, end-stage renal failure. Ms. Roberson's disability substantially limits her in the major life activity of cleaning and eliminating waste from the blood.

9.      Ms. Roberson interviewed for the position of Certified Nurse Assistant with the Defendant and was made a conditional offer of employment. Defendant informed Ms. Roberson that she would need to submit to a drug screen by urinalysis. Ms. Roberson notified the Defendant of her disability, and her need for a reasonable accommodation to complete the drug screening. Specifically, Ms. Roberson informed Defendant that her disability prevented her from submitting to a urine-based drug screen. She requested a reasonable accommodation in the form of a different method of drug screening.

10.      However, Defendant denied Ms. Roberson's request for a reasonable accommodation, and failed or refused to hire her for the job of Certified Nurse Assistant.

11.      The effect of the practices complained of in paragraphs 8-10, above, has been to deprive Patsy Roberson of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

12.    The unlawful employment practices complained of in paragraphs 8-10 were intentional.

13.    The unlawful employment practices complained of in paragraphs 8-10 were committed with malice or with reckless indifference to the federally protected rights of Patsy Roberson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of disability.

B.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order the Defendant to make whole Patsy Roberson, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D.    Order the Defendant to make Patsy Roberson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including but not limited to job search expenses.

E.    Order the Defendant to make Patsy Roberson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices

described in paragraphs 8-10 above, including but not limited to, humiliation, emotional pain and suffering, anxiety, stress, depression, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.      Order the Defendant to pay Patsy Roberson punitive damages for its malicious or reckless conduct described in paragraphs 8-10 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749