UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | |
| v.  § | CIVIL ACTION NO. 3:13-CV-1736-B |
| § | |
| THE FORT WORTH CENTER OF REHABILITATION, § § § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant The Fort Worth Center of Rehabilitation's Motion to Transfer Venue (doc. 5), filed July 15, 2013. For the reasons stated below, the Court finds that Defendant's Motion should be and hereby is **DENIED**.

I.

BACKGROUND

This action arises from an unlawful employment practices dispute between Charging Party Patsy Roberson, represented by the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), and Defendant The Fort Worth Center of Rehabilitation ("Defendant"). Compl. ¶¶ 3-4, 8. In July 2011, Defendant extended Ms. Roberson an offer of employment conditional upon completing a drug screen by urinalysis. *Id.* at ¶¶ 8-9. Ms. Roberson is alleged to be a qualified individual with a disability (end-stage renal failure), which prevented her from submitting to a urine-based drug screen. *Id.* Ms. Roberson requested a reasonable accommodation in the form of an alternate method of drug screen, but Defendant denied this request and did not hire her. *Id.* at ¶¶

1

9-10. Plaintiff claims this deprived Ms. Roberson of equal employment opportunities and otherwise adversely affected her status as an employee because of her disability. *Id.* at ¶ 11.

Plaintiff brought suit on May 7, 2013 under Title VII and the Americans with Disabilities Act of 1990 ("ADA") (doc. 1). On July 15, 2013, Defendant filed its Answer (doc. 4), and moved to transfer venue (doc. 5). Plaintiff responded on August 5, 2013 (doc. 7). Defendant replied on August 19, 2013 (doc. 9). The motion is now ripe for review.

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district court or division where the action could have been brought originally, provided the transfer would be for "the convenience of the parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc). To meet this burden, the movant must first prove that the transferee venue qualifies under the applicable venue statutes as a judicial district (or division) where the action "might have been brought." 28 U.S.C. § 1404(a); *In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a mix of private and public factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen*, 545 F.3d at 315 (internal quotations omitted). "The public interest factors are: (1) the administrative difficulties following from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (same). To warrant transfer, the balance of these factors must clearly weigh in favor of the new venue. *Id.* Thus, a significant burden is placed on the movant to show good cause before a plaintiff's choice of venue should be disturbed. *Id.* at 314 n.10.

## III.

## ANALYSIS

Defendant seeks transfer of this action to the Fort Worth Division of the Northern District of Texas. It claims that both the public and private interest factors weigh in favor of transfer to the Fort Worth Division. Mot. Trans. 5-6. Plaintiff opposes venue transfer and argues that Defendant failed to meet its burden for transfer of the case. Pl.'s Resp. 8-9.

The threshold question for the Court is whether the asserted claims could have been brought in the Fort Worth Division. *See In re Volkswagen*, 545 F.3d at 312. For claims under Title VII and the ADA, the applicable venue statute is special venue provision 42 U.S.C. § 2000e-5(f)(3), superceding the general venue provision 28 U.S.C. § 1391. 42 U.S.C. § 12117(a); *In re Horseshoe*

3

*Entm't*, 337 F.3d at 432-33. Under 42 U.S.C. § 2000e-5(f)(3), venue is proper and suit might have been brought (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, or (4) if the respondent is not found within any such district, within the judicial district in which the respondent has his principal office. The Court finds that Roberson's claims could have been filed in the Fort Worth Division as the unlawful employment practice was committed in the State of Texas.

The Court will now analyze the requested transfer according to the private and public interest factors set out in *In re Volkswagen* to determine if Defendant has shown good cause as to why this action should be transferred.

A.   *Private Factors*

   1.   Access to Sources of Proof

Defendant argues this factor strongly weighs in favor of transfer because Defendant's only business location is in Tarrant County and Charging Party Roberson resides in the Fort Worth Division as well. Mot. Trans. 3-4. In addition, employment records and other proof relevant to Plaintiff's case are also located in the Fort Worth Division. *Id.*

Plaintiff disagrees with Defendant's contentions. First, it contests Defendant's claim that its only location is within the Fort Worth Division. Pl.'s Resp. 10. Plaintiff argues that Defendant is affiliated with a group called "Skilled Healthcare, LLC" that has offices in California. *Id.* Further, the Director of Human Resources of Skilled Healthcare, LLC, Terri Moore, authored the Position Statement that Defendant issued to the EEOC in response to Ms. Roberson's charge. *Id.* Next,

4

Plaintiff points out that Ms. Roberson's ten-page applicant file is likely the majority of the documentation that Defendant has. *Id.* Unless these documents are so voluminous that transportation would be impractical, Plaintiff urges their location not be taken into account. *Id.* Furthermore, if document location is to be considered, Plaintiff points out that the EEOC office in Dallas contains pertinent documents as well. *Id.* at 11. Thus, the location of documents is split between Dallas and Fort Worth, and the location of each set of documents should be given equal weight. *Id.* Finally, Plaintiff does not dispute that Ms. Roberson resides in Tarrant County, but rather claims that Ms. Roberson has traveled to the EEOC's office in Dallas multiple times without any inconvenience. *Id.*

The Court finds that parties and the relevant documents are located conveniently with respect to either Division such that neither Fort Worth nor Dallas would be an inconvenient forum. Therefore, this factor does not support transfer.

2. Availability of Compulsory Process to Secure Attendance of Witnesses

Defendant does not specifically address this factor within its motion, however Plaintiff points out that all key, named witnesses, with the possible exclusion of Human Resources Director Terri Moore, are within 100 miles of the Dallas Division and thus within the subpoena power of the Court under Fed. R. Civ. P. 45(b)(2)(B). Pl.'s Resp. 14. The Court finds this factor supports maintaining the current venue.

3. Cost of Attendance for Witnesses

Defendant claims that it is significantly more convenient for potential witnesses to prepare for and attend trial in the Fort Worth Division. Mot. Trans. 5. In particular, Defendant names former employees Jana Smith and Cody Smolka as witnesses for whom Fort Worth is a more

5

convenient venue because they live in Tarrant County and Dallas is approximately thirty miles away. *Id.*

Plaintiff claims that, in addition to Ms. Smith and Mr. Smolka, Human Resources Director Terri Moore is believed to have been involved in the alleged discrimination. Pl.'s Resp. 12. Of these three individuals, Ms. Smith is the only witness that actually lives in or close to Tarrant County. *Id.* Ms. Moore lives in California, and Mr. Smolka lives in Johnson County, which falls in the Dallas Division. *Id.* Because travel to Dallas or Fort Worth is equally inconvenient for Ms. Moore, and courts in either venue lack the power to compel her appearance at trial, Plaintiff argues that Fort Worth is no more convenient than the present forum. *Id.*

The Court finds that the difference in cost of witness attendance between Dallas and Fort Worth is negligible. Where the travel distance is more than 100 miles, the cost of attendance for witnesses increases in direct relationship to the additional distance. *In re Volkswagen AG*, 371 F.3d at 204-05 ("Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses . . . . when the travel time . . . is five or six hours one-way *as opposed to 30 minutes or an hour*.") (emphasis added). This suggests that minimal travel distance does not significantly increase the cost of witness attendance. Here, where the distance for two of the three key witnesses is anywhere from thirty to sixty miles and the out-of-state witness would have to travel more than 100 miles to either venue, there is no significant implication of inconvenience. Thus, this factor weighs in favor of maintaining venue in the Dallas Division.

    4.   All Other Practical Problems

The parties have not raised any other practical problems besides those already discussed; thus, the Court does not weigh this factor.

6

B.  *Public Factors*

   1.  Administrative Difficulties

Defendant concedes that the administrative difficulties between the Fort Worth and Dallas Divisions are neutral. Mot. Trans. 5. Thus, the Court does not weigh this factor.

   2.  Local Interest

Defendant argues that the residents of the Fort Worth Division have a more significant interest in this matter than do the residents of the Dallas Division. Mot. Trans. 5-6. Plaintiff counters that both Dallas and Fort Worth residents turn to the EEOC office in Dallas for assistance in handling workplace discrimination complaints, and thus both Divisions' residents have an interest in what the EEOC is prosecuting. Pl.'s Resp. 17.

The Court finds that the local interest in this case favors the Fort Worth Division because it is the location of the alleged discrimination. Thus, this factor favors transferring venue to the Fort Worth Division.

   3.  Familiarity with Governing Law

Defendant does not address any issue of familiarity with governing law separating the Fort Worth and Dallas Divisions. Mot. Trans. 5-6. Thus, the Court does not weigh this factor.

   4.  Avoidance of Unnecessary Conflict of Laws

Defendant concedes that there is no issue of conflict of laws and the application of foreign law is irrelevant. Mot. Trans. 5. Thus, the Court does not weigh this factor.

## IV.

## CONCLUSION

Weighing the factors in this case, the Court finds that Defendant has failed to satisfy its

burden of showing that the Northen District of Texas, Fort Worth Division would be "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court **DENIES** Defendant's Motion to Transfer Venue.

**SO ORDERED.**

**SIGNED October 18, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE