IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE FORT WORTH CENTER OF REHABILITATION<br><br>Defendant. | CIVIL ACTION NO.<br><br>3:13-CV-01736-B |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, The Fort Worth Center of Rehabilitation ("FW Rehab" or "Defendant"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 3:13-CV-01736-B. Plaintiff EEOC initiated its lawsuit under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Patsy Roberson who was adversely affected by such practices. More specifically, Plaintiff EEOC filed this lawsuit alleging that the Defendant failed to provide Ms. Roberson, a qualified individual with a disability, with a reasonable accommodation during the job application process and subsequently failed or refused to hire Ms. Roberson because of her disability, in violation of the ADA, as amended.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and

settlement be set forth in this Consent Decree ("Consent Decree"). The Defendant enters this Consent Decree for the sole purpose of avoiding the expenses associated with this litigation, and asserts that by entering into this Consent Decree it makes no admission of liability or wrongdoing, and makes no admission that its conduct was discriminatory or illegal.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. Plaintiff EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2. This Consent Decree resolves all issues raised in Plaintiff EEOC's Complaint. Plaintiff EEOC waives further litigation of all issues raised in its Complaint. Plaintiff EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are permanently enjoined from any employment practice that discriminates on the basis of disability with respect to recruitment, reasonable accommodation, hiring, termination, or any other employment action, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Americans with Disabilities Act of 1990, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

4. The duration of this Consent Decree shall be one (1) year from its effective date. The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any violation of this Consent Decree by Defendant and/or its officers, employees, servants, successors, or assigns shall toll the running of this one year period as of the date of the violation.

5. Defendant agrees to pay to Patsy Roberson the full and final sum of $30,000 in compromise and satisfaction of all claims including lost wages and other monetary damages recoverable under 42 U.S.C. 1981(a) of the Civil Rights Act of 1991. Of the total sum to be paid, $10,000 shall be allocated for the settlement of lost wages which is subject to legal deductions and withholding. This portion of the overall payment will be accompanied by a W-2 Wage and Tax Statement IRS Form. The remaining balance to be paid to Patsy Roberson represents non-wages which will not be subject to payroll deductions. This portion of the overall payment shall be accompanied by a 1099 IRS Form.

A copy of the settlement check and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Meaghan Shepard, EEOC, 207 S. Houston Street, Third Floor, Dallas, TX 75202.

6. The payments referenced in paragraph 5 shall be made within 30 days after the effective date of this Consent Decree. Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this paragraph.

7. Defendant shall post the notice attached to this Consent Decree as "Exhibit A" regarding its policy against disability discrimination, and its duty to accommodate applicants and

employees. A copy of Exhibit A shall be displayed on all bulletin boards in the facility where notices to employees are posted in the ordinary course of business. The notice shall be posted within ten (10) days of the effective date of this Consent Decree, and shall remain posted for the duration of this Consent Decree.

8. For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for all non-management employees advising them of the requirements and prohibitions of the Americans with Disabilities Act of 1990, as amended (ADAAA), as well as the company's procedure for reporting complaints of discrimination. The training will also include a specific discussion or instruction relating to reasonable accommodations, the procedures to follow in requesting an accommodation, the name(s) and contact information for the individual(s) responsible for handling accommodation requests, and will specify that the duty to accommodate extends to both applicants and employees. The training shall be at least one hour in duration. New employees will receive this training within the normal course of training.

9. For each year that the Consent Decree is in effect, Defendant agrees to conduct a separate annual training session for all management employees and the Human Resources personnel who are responsible for advising those management employees, focusing on the requirements and prohibitions of the Americans with Disabilities Act of 1990, as amended (ADAAA), as well as the proper procedures to follow when an applicant or employee requests a reasonable accommodation. The training will specify that the duty to accommodate extends to both applicants and employees, and will contain a discussion regarding "undue hardship" in the context of reasonable accommodation requests. This annual training will also advise managers and supervisors of the consequences that may be imposed upon Respondent for violating the

ADAAA, and the appropriate method for investigating claims of discrimination made by employees. The training shall be at least two hours in duration.

10. At least 30 days prior to the date scheduled for the trainings described in paragraphs 8 and 9, Defendant shall furnish to Plaintiff EEOC a written report describing the training, identifying the instructor(s), and describing all instructors' qualifications to conduct the training. Within thirty days of the trainings described in paragraphs 8 and 9, Defendant will send the EEOC a written verification that the training was completed.

11. All persons attending the trainings described in paragraphs 8 and 9 shall acknowledge their attendance at those trainings by signing an attendance form. Defendant shall provide the EEOC with copies of those attendance forms within 30 days of each of the trainings.

12. The Defendant agrees to establish a policy and practice of making available to all applicants and existing employees alternate methods of drug testing, such as collection of blood and/or hair samples, as a reasonable accommodation for individuals whose disability prevents them from producing urine.

13. Defendant will, within thirty days of the effective date of this Consent Decree, send a written report to the EEOC confirming that Exhibit "A" was posted in compliance with this Consent Decree.

14. Plaintiff EEOC shall have the right to ensure compliance with the terms of this Consent Decree, and may (a) conduct inspections of Defendant's facilities; (b) interview Defendant's employees; and, (c) examine and copy relevant documents.

15. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

16. All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Shepard, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

17. The terms of this Consent Decree shall be binding upon the EEOC and upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

18. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

19. Each party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

*[signature]*

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2746
(FAX) (214) 253-2749

FOR THE DEFENDANT THE FORT WORTH CENTER OF REHABILITATION

*[signature]*

Michael J. DePonte, Esq.
Texas Bar No. 24001392

JACKSON LEWIS, LLP
500 N. Akard, Ste. 2500
Dallas, Texas 75201
Tel No. (214) 520-2400
Fax No. (214) 520-2008

SO ORDERED.

7

Signed this _____ day of _____, 2014.


                                                                       _____
                                                                       HON. JANE J. BOYLE
                                                                       UNITED STATES DISTRICT COURT

## Attachment A

### NOTICE TO ALL EMPLOYEES

This NOTICE will be conspicuously posted for a period of one (1) year at this office and in all places where employment notices are posted in the ordinary course of business. It must not be altered, defaced, or covered by any other material.

This policy extends to all employees of The Fort Worth Center of Rehabilitation, both management and non-management.

An employer cannot discriminate against qualified applicants or employees on the basis of disability. Under the Americans With Disabilities Act, an <u>individual with a disability</u> is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of his or her association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

- application
- testing
- hiring
- assignment's
- evaluation
- disciplinary actions
- promotion
- medical examinations
- layoff/recall
- termination
- compensation
- leave

The Fort Worth Center of Rehabilitation hereby states that the harassment of employees with disabilities is strictly prohibited. Harassment is a form of misconduct that undermines the integrity of the employment relationship. No disabled employee should be subjected to unsolicited, unwelcome name-calling, "jokes," comments or other harassing conduct, either verbal or physical, because of his or her disability.

Further, under the ADA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- Making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- Providing alternate forms of drug testing if an applicant or employee's disability prevents them from producing urine;
- Job restructuring;
- Modifying work schedules;
- Reassignment to a vacant position;

- Acquiring or modifying equipment or devices; and,
- Providing qualified readers or sign language interpreters.

Each supervisor has a responsibility to maintain a workplace free of discrimination. This duty includes discussing The Fort Worth Center of Rehabilitation's anti-discrimination policy with all employees and assuring them that they will not endure unequal treatment because of their race, color, sex, national origin, religion, age or disability, and reporting incidents involving discrimination. Retaliation against individuals who raise concerns of discrimination is strictly prohibited.

An employee has, and is encouraged to exercise, the right to report allegations of discrimination in the workplace. Any employee who believes that he or she has been subjected to discrimination, harassment, or retaliation is expected to report the conduct immediately to either his or her supervisor, or to the next level supervisor at The Fort Worth Center of Rehabilitation. Alternatively, he or she may notify the Director of Human Resources at_____. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify the Director of Human Resources. A prompt investigation of each complaint will be undertaken by The Fort Worth Center of Rehabilitation, which may include employee interviews, inspection of documents, including personnel records, and inspection of the premises.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, taken against any person(s) found to have engaged in such conduct.

An employee, either alternatively or in addition to reporting such an allegation to The Fort Worth Center of Rehabilitation's management or HR officials, may contact the local office Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone for the nearest EEOC office can be found at www.eeoc.gov.

There shall be no retaliation against any employee because that person has: opposed what they believe to be unlawful employment practices, filed a charge of discrimination, or given testimony, assistance, or participated in any manner in any investigation, proceeding, or hearing under the Americans with Disabilities Act of 1990, as amended. The Fort Worth Center of Rehabilitation will not punish employees for reporting of discrimination under this policy.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR PERIOD OF ONEYEAR.**

Signed this _____ day of _____, _____

_____                              _____

Date								The Fort Worth Center of Rehabilitation